UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KEOKA D. SHAFFER, ET AL.                                            CIVIL ACTION

VERSUS

UNITED STATES OF AMERICA                                   NO. 22-03897-BAJ-EWD

RULING AND ORDER

    This Federal Tort Claims Act (FTCA) action seeks damages from the United States arising from a rear-end collision allegedly caused by a U.S. Marshals Service (USMS) employee. Now, the United States moves for summary judgment, contending that "there is zero verifiable evidence that a government employee or government owned vehicle was involved in any accident with the Plaintiffs." (Doc. 12-1 p. 1). Plaintiffs oppose the Government's motion. (Doc. 13). The motion will be denied.

    I.    **SUMMARY JUDGMENT EVIDENCE**

    At around 10:50 a.m. on August 4, 2020, Plaintiff Keoka Schaffer was driving a rented Hyundai sedan southbound on Earhart Boulevard in New Orleans, Louisiana. Two passengers were along for the ride, Plaintiffs Torres Jackson and Glentrell Lampkin. Schaffer stopped for a traffic light at the South Claiborne Avenue intersection, and was rear-ended by a black Ford Explorer driven by a white or "light-skinned" male. (Doc. 13-3 ¶¶ 4-5, 13; *see also* Doc. 13-2 ¶¶ 4-5, 11; Doc. 13-4 ¶¶ 4-5, 10). It is undisputed that the accident caused only "minor" damage to the Hyundai's "right rear bumper," and involved "no paint transfer" or even "any smudges." (Doc. 13-1 ¶ 44; *see also id.* ¶¶ 29-30).

    Before Schaffer could get out of the car, the Explorer backed up and fled,

heading southbound towards the Central Business District. (Doc. 13-3 ¶ 7; *see also* Doc. 13-2 ¶ 6; Doc. 13-4 ¶ 6). Schaffer managed to follow for a time, and Jackson took a picture of the Explorer near the intersection of Carondelet Street and Howard Avenue, clearly depicting a Louisiana license plate marked YGR677. (Doc. 13-2 ¶¶ 7-8; *see also* Doc. 13-3 ¶¶ 8-9; Doc. 13-4 ¶¶ 7-8). Eventually, the Explorer eluded Schaffer. (Doc. 13-2 ¶ 12).

Later that day, Schaffer reported the accident to New Orleans Police Department (NOPD) Officer Denny Li, providing a statement generally consistent with the details set forth above, as well as the picture taken by Jackson. (Doc. 12-5 ¶¶ 2-4; *see also id*. pp. 3-9). Officer Li ran a registration check of the Explorer's license plate, revealing that it was owned by the Marshals Service. (Doc. 12-5 ¶ 6). Investigating further, NOPD Senior Officer Jason Naquin learned from USMS that the Explorer's driver at the time of the accident was Criminal Investigator Eric Coln, a USMS employee. (Doc. 12-6 ¶¶ 7-8).

On October 20, 2020, Officer Naquin interviewed Investigator Coln, who denied any involvement in the accident. (*Id*. ¶ 9). After this interview, Officer Naquin inspected and photographed the Explorer at the USMS garage on Poydras Street, and observed no damage "consistent with being involved in a crash." (*Id*.). The USMS conducted its own investigation, determining that "[Coln's] vehicle was not involved in an accident with the Plaintiff on or about August 4, 2020." (Doc. 12-4 ¶ 11).

II. **PROCEDURAL HISTORY**

On October 14, 2022, after submitting administrative claims to the United States and receiving no response, Plaintiffs initiated this negligence action seeking

damages related to the August 4 accident. Now, the United States moves for summary judgment, arguing that Plaintiffs cannot "establish the causation and breach elements of their negligence claim" because "the accident was not caused by any negligent act of a government employee or government vehicle." (Doc. 12-1 p. 7).

### III.   LAW AND ANALYSIS

The summary judgment standard is well-set: to prevail, the United States must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Ordinarily, in making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiffs—the non-moving parties. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022). But because this is a non-jury case, the ordinary rule is *somewhat* modified, allowing the Court to draw *some* reasonable inferences in favor of the *moving* party—the United States. *See Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017) ("In non-jury cases, we have recognized that it makes little sense to forbid the judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact[.]" (quotation marks omitted)). Even here, however, the Court may *not* resolve "issues of witness credibility or disputed material facts." *Id.* (quotation marks omitted).

Based on the evidence submitted, the Government would do well to re-think its strategy. Plainly, Plaintiffs have established a genuine dispute as to the causation and breach elements of their negligence claims. Plaintiffs attest that on August 4, 2020 they were rear-ended by a black Ford Explorer bearing Louisiana license plate

YGR677. The United States admits that Inspector Coln was driving the Explorer on August 4, but says he did not hit Plaintiffs' Hyundai. If what Plaintiffs say is true, they will have established causation and breach; if what the Government says is true, they will not. *See Howard v. GEICO Cas. Co.*, 2022-605 (La. App. 3 Cir. 3/29/23), 364 So. 3d 489, 492 ("[A] presumption of negligence arises when a following motorist is involved in a rear-end collision." (citing La. R.S. § 32:81(A); *Brewer v. J.B. Hunt Transport, Inc.*, 09-1408, 09-1428 (La. 3/16/10), 35 So.3d 230)). This case quite literally presents the paradigmatic "he said, they said" swearing match, "making it obvious that [the United States'] summary judgment motion turns entirely on a genuine issue of fact that clearly is material." *See Faulkenbery v. Lee*, 307 F. App'x 813, 814 (5th Cir. 2009).[1]

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the United States' **Motion For Summary Judgment (Doc. 12)** be and is hereby **DENIED**.

---

[1] In its reply, the United States insists that it is entitled to summary judgment because "the photograph of the front of Agent Coln's car does not show any damage consistent with a hit and run accident," and because "[NOPD] Officer Naquin determined that the government owned vehicle was not involved in the crash." (Doc. 16 pp. 2-3). These observations may support the Government's theory at trial, but they are plainly not enough to overcome the rules of summary judgment. First, whether there was any observable damage to Inspector Coln's Explorer is immaterial, as it is ultimately Plaintiffs' burden to produce proof of damage (which they have satisfied for now by their sworn statements regarding the damage to the Hyundai's bumper, *see* Doc. 13-3 ¶ 16). *Cf. Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) ("Because every violation of a right imports damage, nominal damages can redress [a plaintiff's] injury even if he cannot or chooses not to quantify that harm in economic terms." (quotation marks, alterations, and citations omitted)). Second, Officer Naquin's conclusion that an accident did *not* occur is matched by Plaintiffs' statements that an accident *did* occur. Again, at this time, the Court is prohibited from making credibility determinations or resolving contested issues of material fact. *Lyles*, 871 F.3d at 311.

4

**IT IS FURTHER ORDERED** that a telephone status conference is set for Wednesday, September 13, 2023 at 9:30 a.m. to determine a trial date and related deadlines. Dial-in instructions will be emailed to counsel prior to the conference.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(e), on or before September 12, 2023, Plaintiffs shall submit a supplemental statement limited to **3 pages** addressing in specific detail what type and quantum of damages they seek in this action, given their admissions that the damage to their rental vehicle was "minor," limited to "the right rear bumper," and failed even to include any "paint transfer or any smudges," (Doc. 13-1 ¶ 44; *see also id.* ¶ 29-30); Schaffer's sworn statement that she did not pay for any damage to the rental vehicle "because it was covered by the insurance I purchased at the time of the rental," (Doc. 13-3 ¶ 16); and the FTCA's prohibition against punitive damages, 28 U.S.C. § 2674. *See Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165–66 (5th Cir. 1999) (affirming district court's *sua sponte* order requiring a more definite statement under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity); *Shields v. Allstate Ins. Co.*, No. 08-cv-2573, 2008 WL 3884326, at *4 (E.D. La. Aug. 18, 2008) (Berrigan, J.) (*sua sponte* ordering plaintiffs to clarify their allegations pursuant to Rule 12(e) (citing authorities)).

Baton Rouge, Louisiana, this 6th day of September, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**